FILED
United States Court of Appeals
Tenth Circuit

September 4, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MAXIMILLIAN ZEFERINO ESQUIBEL,

    Defendant - Appellant.

No. 20-1299
(D.C. No. 1:19-CR-00376-RBJ-1)
(D. Colo.)

_____

**ORDER**

_____

This matter is before the court upon the opening of this appeal and review of the district court's docket. Appellant Maximillian Zeferino Esquibel brings this interlocutory appeal seeking to challenge the district court's August 18, 2020 order [ECF No. 92], denying his *Motion to State and Prove Jurisdiction on the Official Record* [ECF No. 89]. The court notes that—following the filing of his notice of interlocutory appeal—Mr. Esquibel was convicted by jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), but has not been sentenced. The district court has set a sentencing hearing for December 4, 2020.

Except in limited circumstances, this court's appellate jurisdiction is limited to review of final decisions. *See* 28 U.S.C. § 1291. Review of interlocutory orders in criminal cases is exceptionally rare. *Midland Asphalt Corp. v. United States*, 489 U.S.

794, 799 (1989) (noting that the collateral order doctrine is applied with "strictness" in criminal cases); *DiBella v. United States*, 369 U.S. 121, 126 (1962) ("the delays and disruptions attendant upon intermediate appeal are especially inimical to the effective and fair administration of the criminal law"); *In re Grand Jury Subpoena*, 709 F.3d 1027, 1030 (10th Cir. 2013) (noting "the necessity for expedition in the administration of the criminal law").

And, Mr. Esquibel, as the proponent of this court's jurisdiction, has the burden to establish that the requirements of the collateral order doctrine are met. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). He therefore has the burden to demonstrate that the order he seeks to appeal satisfies each of three conditions: it must (1) "conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 522 (1988) (citation and internal quotation marks omitted).

Accordingly, the court directs Mr. Esquibel—on or before September 18, 2020—to file a written response that sets forth any basis for this court to exercise jurisdiction over his appeal at this time. In the alternative, Mr. Esquibel may either: (a) elect not to file a response to this show cause order, in which case the court will dismiss this proceeding without further notice, *see* 10th Cir. R. 42.1; or (b) voluntarily dismiss this appeal, *see* Fed. R. App. P. 42(b). Voluntary dismissal of the appeal will not preclude an appropriate appeal from final judgment or an otherwise appealable order at a later date.

Briefing on the merits of this appeal is tolled pending resolution of this show cause order and further order of the court. *See* 10th Cir. R. 27.3(C).

Entered for the Court
CHRISTOPHER M. WOLPERT, Clerk

by: Lisa A. Lee
    Counsel to the Clerk
