IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00376-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    MAXIMILLIAN ZEFERINO ESQUIBEL,

    Defendant.
_____

**UNITED STATES' RESPONSE TO DEFENDANT ESQUIBEL'S MOTION TO RETURN PROPERTY (ECF DOC. 161)**
_____

COMES NOW the United States of America, by and through Acting United States Attorney Matthew T. Kirsch and Assistant United States Attorney Laura B. Hurd, and herein responds to defendant Maximillian Zeferino Esquibel's Motion for Return of Property (ECF Doc. 161), as follows:

**RELEVANT FACTS**

On August 9, 2019, a search warrant was executed at defendant Maximillian Zeferino Esquibel's residence in Pueblo, Colorado. At that time, an individual, identified as V.V., along with three juvenile children were present at the residence. During the search, law enforcement officers recovered four firearms, magazines, and ammunition. *See* (ECF Doc. 139, p. 1-2).

On August 21, 2019, an Indictment was filed charging defendant Esquibel in Count One with knowingly possessing a firearm by a person previously convicted of a

1

crime punishable by imprisonment for a term exceeding one year, a violation of 18 U.S.C. § 922(g).  (ECF Doc. 13).  The Indictment also contained a forfeiture allegation.  A jury found defendant Esquibel guilty on September 1, 2020.  (ECF Doc. 133, 134).

Prior to sentencing, the Court entered a Preliminary Order of Forfeiture, forfeiting the defendant's interest in DPMS AR-15 style rifle bearing serial number F217318, Davis Industries, .32 caliber pistol bearing serial number 58C298429; Sig Sauer, .45 caliber pistol, bearing serial number 58C298429; 7 magazines, and all ammunition seized from defendant's residence.  (ECF Doc. 145).  The United States did not seek to forfeit the Sig Sauer 9mm pistol, bearing serial number 66A132480, as it was not charged as part of Count One.  (ECF Doc. 139, n. 2).  Based on the guilty verdict, the Court sentenced defendant to 58-months imprisonment.  (ECF Doc. 149).

On December 15, 2020, defendant Esquibel filed a Notice of Appeal.  (ECF Doc. 153).  Defendant Esquibel has not filed an appellate brief, but the appeal has been docketed in *Esquibel v. United States*, Case No. 20-1437.  (ECF Doc. 156).   After his Notice of Appeal was filed, defendant Esquibel filed a Motion for Return of Property.  (ECF Doc. 161).  In the motion, defendant Esquibel requests that various property (Items 2-3, 6-27, 29-30) be returned to V.V.  The following is the specific property requested to be returned to V.V.:

| Item Number | Description | Status |
| --- | --- | --- |
| Item 2 | DPMS Model A-15 rifle, serial number F217318 | In Preliminary Order of Forfeiture and held as evidence |
| Item 3 | Plastic Lancer Systems magazine with ammunition | In Preliminary Order of Forfeiture and held as evidence |

| Item 6 | Sig Sauer .45 pistol serial number 58C298429 | In Preliminary Order of Forfeiture and held as evidence |
|---|---|---|
| Item 7 | Holster, 1 magazine with ammunition, and loose ammunition | In Preliminary Order of Forfeiture and held as evidence |
| Item 8 | 1 magazine with ammunition and 1 round | In Preliminary Order of Forfeiture and held as evidence |
| Item 9 | Samsung Galazy S8 Serial Number R38J4QVPYV | Held as evidence |
| Item 10 | Sig Sauer 9 mm handgun, serial number 66A12480 | Held as evidence to be returned to owner after completion of criminal case |
| Item 11 | 1 magazine and ammunition | Magazine (9mm) is held as evidence<br>Ammunition in Preliminary Order of Forfeiture |
| Item 12 | Miscellaneous ammunition in plastic baggie | In Preliminary Order of Forfeiture and held as evidence |
| Item 13 | Samsung Galaxy S8 Serial Number R38J502K42E | Held as evidence |
| Item 14 | Sportsman's Warehouse Receipt | Held as evidence |
| Item 15 | Black Kindle | Held as evidence |
| Item 16 | White Samsung model SMG360TI | Held as evidence |
| Item 17 | LG cellphone model: LS775, Serial Number: 608CYDG0597210 | Held as evidence |
| Item 18 | Samsung Galaxy S3 Model: SCHI535 | Held as evidence |
| Item 19 | Winchester .45 ammunition | In Preliminary Order of Forfeiture and held as evidence |
| Item 20 | Winchester 9mm ammunition | In Preliminary Order of Forfeiture and held as evidence |

| Item 21 | Two handgun magazines with ammunition[1] | 1 in Preliminary Order of Forfeiture and both held as evidence |
| --- | --- | --- |
| Item 22 | 1 round of 7.62x39 ammunition | In Preliminary Order of Forfeiture and held as evidence |
| Item 23 | Plastic bag containing 7.62x39 ammunition | In Preliminary Order of Forfeiture and held as evidence |
| Item 24 | 3 magazines, one of which contains ammunition | In Preliminary Order of Forfeiture and held as evidence |
| Item 25 | Sight Mark Scope S/N: 92730 | Held as evidence |
| Item 26 | Vivint Hard Drive S/N: 0021448053699 | Held as evidence |
| Item 27 | Miscellaneous ammunition in 2 containers | In Preliminary Order of Forfeiture and held as evidence |
| Item 29 | Box containing miscellaneous ammunition | In Preliminary Order of Forfeiture and held as evidence |
| Item 30 | Lenova Computer S/N: MP1F11VA | Held as evidence |

All of the above-listed items were seized during the criminal investigation, pursuant to a search warrant on August 9, 2019, and continue to be held as evidence by the Federal Bureau of Investigation pending the outcome of defendant Esquibel's appeal.

## II.   ARGUMENT

Although defendant Esquibel does not set forth the legal basis for his Motion for Return of Property, a motion for return of property is properly analyzed under Federal Rule of Criminal Procedure 41(g), which states, "[a] person aggrieved by an unlawful

---

[1] The United States neglected to include one of two handgun magazines in its Motion for Preliminary Order of Forfeiture; nonetheless, both magazines are currently being held as evidence.

search and seizure of property or by the deprivation of property may move for the property's return." However, defendant fails to meet his burden to establish the return of property under Rule 41(g).

### I. Defendant Esquibel has not established entitlement to the property, nor that the government's retention of the evidence is unreasonable

Federal Rule of Criminal Procedure Rule 41(g) is an equitable remedy and the party seeking relief under Rule 41(g) must show "show irreparable harm and an inadequate remedy at law." *United States v. Bacon*, 900 F.3d 1234, 1237 (10th Cir. 2018) (citation and quotation omitted); *see Morales v. TransWorld Airlines, Inc.*, 504 U.S. 374, 381 (1992). A "Rule 41[g] motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the governments need for the property as evidence continues." *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Circuit 2001) (citation omitted).

If the criminal prosecution is pending, the defendant has the burden to show entitlement to the property requested. *Id*. Further, a defendant seeking relief under Rule 41(g) must also demonstrate that the continued retention of the property by the government is unreasonable. *In re Search of Kitty's East v. United States*, 905 F.2d 1367, 1375 (10th Cir 1990). "If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable." *Id*. (citing Committee Note to 1989 Amendment to Fed. R. Crim. P. 41, at 30, 124 F.R.D. at 428). Therefore, courts recognize that the government is entitled to retain legally seized evidence until the criminal case has concluded. *See e.g., United States v. Rodriguez–Aguirre,* 264 F.3d 1195, 1212–13 (10th Cir. 2001); *United States v. Rowlette*, Case No. 13-20125-13-JAR, 2016 WL 7014022, at *2 (D. Kan. Dec. 1, 2016); *United States v.*

*Banks*, No. 09-cr-00266-CMA, 2015 WL 4882490, at *1 (D. Colo. Aug. 17, 2015) ("Because the Government has a legitimate reason to retain the property—namely, it could serve as evidence in defending against . . . an appeal—the Government's retention of the property . . . is permissible and appropriate."). Here, defendant has failed to show that the government's continued retention of the property is unreasonable or that he is entitled to the property requested.

First, the property defendant seeks to have returned was seized, pursuant to a valid search warrant, as evidence in the criminal case. Defendant Esquibel is currently appealing his conviction, but it is unclear what he will allege was deficient in the criminal case or at trial because he has not filed an appellate brief.[2] Given that the defendant has been convicted of a violation of 18 U.S.C. § 922(g), all firearms, firearm parts, ammunition, and indicia of possession of firearms seized from defendant's residence are relevant evidence in the criminal case. In addition, any electronic devices seized are also relevant evidence, due to photographic or electronic communications potentially stored on those devices. At this time, all of the evidence the defendant seeks to be returned may be necessary in potential further proceedings or at a subsequent trial. Thus, continued retention by the government of all of the evidence seized is substantively reasonable.

Second, defendant cannot assert third-party's rights to property under Rule 41(g). Based on his motion, defendant Esquibel appears to be asserting V.V's interest in at least two firearms, if not all of the property he seeks to have returned. *See* (ECF

---

[2] Jurisdiction would transfer from this Court to the Tenth Circuit Court of Appeals for any matters involved in the appeal. *Int'l Paper Co. v. Whitson*, 595 F.2d 559, 561-62 (10th Cir. 1979).

Doc. 161, p. 5-6).  However, a defendant "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1056 (9th Cir. 1991) (citing *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 474 (1982)); *see United States v. Gonzalez*, 780 Fed. App'x 828, 833 (11th Cir. 2019) (unpublished).    Insomuch as defendant Esquibel is seeking the return of items on behalf of V.V., he lacks standing to do so.

Lastly, defendant Esquibel has not established entitlement to the property requested be returned.  "In a Rule 41(g) proceeding, lawful possession must be established by a preponderance of the evidence."  *In re Seizure of Property*, No. CIV-11-37-C, 2011 WL 1327430, at *2 (W.D. Okla. Apr. 6, 2011) (*citing United States v. Maez*, 915 F.2d 1466, 1468 (10th Cir. 1990)).  Although a presumption exists that property seized from an individual is "*prima facie* evidence of that person's entitlement" to the property, the items listed above were found in a residence occupied by more than one adult.  *Maez*, 915 F. 2d at 1468; (ECF Doc. 139, p.1).  The defendant does not assert the items seized were his or that he was in lawful possession of them, he merely states they should be returned to V.V. in order to "protect the household or be sold for funds to pay bills, mortgage food, and other expenses . . . ."  (ECF Doc. 161, p.1).  It is apparent that defendant may not want to assert a possessory interest in many of the items, particularly the firearms and ammunition while his appeal is pending.  However, either it is defendant's property, or he is asserting the rights of a third party, V.V., which as discuss, *supra*, he has no standing to do.   In sum, defendant's motion fails to meet his burden to establish return of the property at this time.

II.   **Rule 41(g) is unavailable when the property is subject to a forfeiture proceeding**

Further, the firearms[3], magazines, and ammunition are part of the criminal forfeiture proceedings.  In the context of forfeiture actions, a Rule 41(g) motion is the proper mechanism to seek the return of property "before any forfeiture proceedings have been initiated . . . ."  *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004).  However, once criminal forfeiture has been commenced, Rule 41(g) no longer provides a remedy for return of forfeited property because there is a legal remedy in the criminal case.   See *United States v. Deninno*, 103 F.3d 82, 84 (10th Cir. 1996) (citing to prior Fed. R. Crim. P. 41(e), "[w]e have held that where the property sought to be returned has been administratively forfeited, the Court should not exercise Rule 41(e) jurisdiction."); *United States v. Akers,* 215 F.3d 1089, 1106 (10th Cir. 2000)  ("[A] forfeiture proceeding provides a defendant with an adequate remedy at law for resolving a claim to seized property."). Therefore, Rule 41(g) is no longer the appropriate avenue to seek return of the firearm, ammunition, or associated magazines set forth in the Preliminary Order of Forfeiture.  (ECF Doc. 145).

Lastly, all non-forfeited items will be returned to the appropriate party at the completion of the criminal proceedings; however, at this time, all items are of evidentiary value and/or are part of the criminal forfeiture proceeding.  Therefore, defendant's Motion for Return of Property should be denied in its entirety.

---

[3] The 9mm Sig Sauer and magazine that were not charged in Count One will be returned to the owner at the appropriate time after the completion of the criminal case.

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney


By: *s/ Laura B. Hurd*
Laura B. Hurd
Assistant U.S. Attorneys
U.S. Attorney's Office
1801 California Street, Ste. 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: laura.hurd@usdoj.gov
*Attorney for the United States*


## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of March 2021, I electronically filed the foregoing United States' Response to Defendant Esquibel's Motion for Return of property with the Clerk of Court using CM/ECF, which will send notification of such filing to Maximillian Zeferino Esquibel (Maximillianesquibel1@yahoo.com) and further sent the such response, via mail to the following:

Mr. Maximillian Zeferino Esquibel
101 Ironwood Dr.
Pueblo, CO 81001

s/ *Jasmine Zachariah*
FSA Data Analyst
Office of the U.S. Attorney