UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:19-cr-00376-RBJ

UNITED STATES OF AMERICA,

 Plaintiff,

v.

Maxmillian Zeferino Esquibel,

 Defendant.

---

### ORDER ON MOTION FOR COMPASSIONATE RELEASE

---

 Mr. Esquibel, pro se, moves for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 170. The government opposes the motion. ECF No. 173. After considering the motion and response, the applicable factors provided in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3582(c)(1)(A), and the applicable policy statements issued by the Sentencing Commission, the Court now denies the motion for the following reasons:

 1. Mr. Esquibel is a 33-year old gentlemen currently housed in the Federal Prison Camp at FCI Englewood, Colorado. On September 1, 2020 Mr. Esquibel was convicted by jury trial of being a felon in possession of firearms. On December 4, 2020 he was sentenced to a variant term of imprisonment of 58 months (Guideline range 70-87 months) plus three years of supervised release. By the Court's count, he has served approximately 17% (300 days) of his sentence. His appeal of his conviction and sentence was dismissed for lack of prosecution. ECF No. 163.

2. In support of his motion, Mr. Esquibel states that, due to the COVID-19 pandemic, conditions in prison (including lockdowns, food quality, restricted recreation and law library, and other restrictions) have not been what was contemplated by him or the Court. He notes that he remains at risk for COVID. He also states that, but for a botched plea negotiation by his former counsel, he would be at home with his family now. He informs the Court that he has been designated "community custody," and that he is a minimum risk to recidivate or harm the community. *See* ECF No. 170 at 1-5. He contrasts this with examples of BOP inmates who have committed more serious crimes but have been granted reductions of their sentences. *Id.* at 6-8.

3. The government argues that Mr. Esquibel has not shown that he exhausted his administrative remedies by requesting a compassionate release from the warden of his facility and then waiting 30 days before filing his motion. As such, the Court lacks jurisdiction to grant the motion. ECF No. 173 at 5-6. Beyond that, the government notes that Mr. Esquibel's general concerns about COVID are not extraordinary or compelling reasons for a compassionate release; that he is not at a facility with a high rate of infection or that lacks protective measures; that Mr. Esquibel declined the vaccine; and that he has no underlying health issues that would warrant a compassionate release. *Id.* at 7-8. The government also points out that positive behavior and rehabilitation efforts in prison are not grounds for a compassionate release. *Id.* at 8-9.

**4.** The Court commends Mr. Esquibel for his conduct in prison and congratulates him on his community custody status. However, the Court finds that he has provided no extraordinary or compelling reason for a compassionate release or reduction of his sentence. He has served only about 17% of a sentence that was already well below the Guideline range. He is a young man without evident medical issues. He has not contracted COVID, and he has declined

to be vaccinated. The motion, in substance, expresses Mr. Esquibel's disagreement that he ever should have been convicted and sentenced in the first place, but he did not diligently prosecute an appeal. Finally, there is no evidence that he has exhausted his administrative remedies.

## ORDER

For the reasons discussed in this order, defendant's motion for a compassionate release, ECF No. 170, is DENIED.

Dated: November 2, 2021.

By the Court

R. Brooke Jackson
U.S. District Court Judge